UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JABBAR D. MAYNARD,

          Petitioner,

-vs-                           Case No. 8:06-cv-1881-T-24EAJ

(UNNAMED RESPONDENT),

          Respondent.
_____/

## ORDER

Jabbar D. Maynard filed a petition for writ of habeas corpus in this Court. The heading on the filing reads, "In the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida." Maynard cites the Florida Rules of Appellate Procedure 9.030(c)(3) and 9.100(a) and does not mention 28 U.S.C. § 2254 in the filing. His certificate of service shows that he served the petition on Pat Frank, Clerk of the Circuit Court for Hillsborough County, Florida. A review of the petition reveals that it appears to be an appeal of the sentence and conviction imposed by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in January 2005.

To the extent that Maynard is attempting to seek federal habeas corpus relief in this Court, Maynard's petition is time-barred.[1] The date of Maynard's judgment of conviction was January 20, 2005. A review of the online criminal docket for Hillsborough County, Florida, demonstrates that Maynard was committed to the Department of Corrections on January 27, 2005. Nothing in any record shows that he filed a direct appeal of his

---

[1] The claims are also unexhausted.

conviction. Therefore, his conviction became final thirty days after January 20, 2005, or on February 19, 2005. Nothing in the on-line docket or the on-line legal data base shows that he filed any collateral attacks on his conviction or sentence.

### Federal Time-Bar

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Given Maynard's allegations, it is clear that a federal habeas corpus petition would be time-barred. Maynard's conviction became final on February 19, 2005. He did not sign the present filing until September 25, 2006. Therefore, if Maynard is attempting in the present filing to petition under 28 U.S.C. § 2254, the petition, signed and filed in September 2006, is time-barred.

Maynard has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

That Maynard's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Maynard and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 16, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Jabbar D. Maynard